UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMBER D. UNROE,

    Plaintiff,

v.

TOM VILSACK, et al.,

    Defendants.

Case No. 2:11-cv-592
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Stay Proceedings (Doc. No. 23) and Defendants' Motion to Dismiss (Doc. No. 11). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and **DENIES** without prejudice Defendants' Motion.

### I. BACKGROUND

The Rural Housing Service ("RHS"), an agency of the United States Department of Agriculture ("USDA"), administers the Guaranteed Loan Program, authorized by the Housing Act of 1949, 42 U.S.C. § 1441 *et seq.* ("Housing Act"). Plaintiff financed the purchase of her home with a loan guaranteed by RHS, but alleges that she did not receive the foreclosure avoidance assistance or due process that is supposed to accompany that guarantee. Plaintiff brought suit against the USDA, alleging that the USDA had violated several provisions of the Housing Act that were actionable under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA").

Defendants move to dismiss this case for (1) lack of subject matter jurisdiction; (2) Plaintiff's lack of standing; and (3) Plaintiff's failure to state a claim upon which relief can be granted. (Doc. No 11.) Plaintiff moves the Court to stay the proceedings in this matter pending

the resolution of *Sheldon v. Vilsack*, No. 11-cv-10487 (E.D. Mich.), which was appealed to the United States Court of Appeals for the Sixth Circuit on April 27, 2012. (Doc. No. 23.) Defendants have opposed Plaintiff's motion. (Doc. No. 24.)

## II. STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing as example *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). The district court's broad discretion "includes the power to stay a matter '. . . pending resolution of independent proceedings which bear upon the case at hand.'" *Deluca v. Blue Cross Blue Shield of Mich.*, No. 06-12552, 2007 WL 715304, 2007 U.S. Dist. LEXIS 15967, at *3 (E.D. Mich. March 7, 2007) (quoting *Mediterranean Enter. V. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) and *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)) (omission in original).

## III. ANALYSIS

In *Sheldon*, as in the present case, a homeowner obtained a home loan from a private lender that was guaranteed under the Guaranteed Loan Program from RHS. There, as here, the homeowner brought suit against the USDA, alleging that the USDA had violated several provisions of the Housing Act that were actionable under the APA. The homeowner filed a complaint in the United States District Court for the Eastern District of Michigan alleging due

2

process violations and violations of the APA, stemming from RHS's refusal to implement several statutory loan servicing and loss mitigation provisions for borrowers whose home loans are guaranteed by RHS.

The defendants in *Sheldon* moved to dismiss all claims against them, arguing that (1) lack of subject matter jurisdiction over Ms. Sheldon's claims; (2) the homeowner's lack of standing; and (3) the homeowner's failure to state any plausible claims for relief. On March 29, 2012, the district court entered an order granting the defendants' motion to dismiss. The homeowner appealed.

This case and *Sheldon* present virtually identical questions of law. Indeed, Defendants here move to have this case dismissed for the exact reasons the *Sheldon* defendants moved. In its forthcoming ruling in *Sheldon*, the Sixth Circuit is virtually certain to decide legal questions that determine, or at least significantly inform, the outcome of this case. A stay of proceedings in this case during the pendency of appellate proceedings in *Sheldon* is therefore warranted as a matter of judicial economy. A stay will avoid imposing unnecessary costs and burdens on the Court and the parties through duplicative litigation within the same circuit. Given the identity of the issues in the two cases, it would be inefficient for the parties to prepare, and for this Court to review, potentially lengthy briefs and for this Court to rule on the underlying issues in this case, only to have to revisit the parties' arguments in light of the Sixth Circuit's ruling in *Sheldon*. Moreover, Defendants here are the same defendants in *Sheldon* and will be the party arguing their case to the Sixth Circuit. In these circumstances, the benefits to the parties and the Court outweigh any harm that could be caused by a stay.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Stay Proceedings (Doc. No. 23) and **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss (Doc. No. 11).  The Clerk is **DIRECTED** to remove these motions from the pending motions list and to administratively close this case.  The parties are **DIRECTED** to file notice with this Court upon decision in the *Sheldon* case, indicating if this case should be reopened or dismissed.  If the former, the Court will set the case for a scheduling conference forthwith.

**IT IS SO ORDERED.**

8-13-2012
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**